Mark L. Block (SBN 115457)
mblock@wargofrench.com
Christina L. Goebelsmann (SBN 273379)
cgoebelsmann@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: 310-853-6300 Facsimile: 310-853-6333
Attorneys for Creditors
JPMorgan Chase Bank, N.A.
and J.P. Morgan Securities LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>JOSEPH ELLISON,<br><br>Debtor.<br><hr>JPMORGAN CHASE BANK, N.A.,<br>JPMORGAN SECURITIES, LLC,<br><br>                              Plaintiffs,<br>       v.<br><br>JOSEPH ELLISON,<br><br>                              Defendant. | Adv. Case No: _____<br>Case No.: 2:14-bk-24463-RK<br><br>Chapter 7<br><br>**ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(A) AND (C)** |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC (collectively, "JPMorgan"), Plaintiffs and Creditors of the above-named Debtor, Joseph Ellison ("Defendant"), hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. § 727(a) and 727(c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and allege as follows:

**INTRODUCTION**

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of Defendant Joseph Ellison, case number 2:14-bk-24463-RK, pending in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division.

2. Defendant is not eligible for discharge as a debtor in his bankruptcy case pursuant to

11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff JPMorgan Chase Bank, N.A. is, and was at all relevant times herein, a national banking association, with a principal place of business in New York, New York.

7. Plaintiff J.P. Morgan Securities, LLC is, and was at all relevant times herein, a limited liability company organized under the laws of the State of Delaware, with a principal place of business in New York, New York.

8. Defendant Joseph Ellison is an individual, who at all relevant times herein, is and was resident of the City of Los Angeles, County of Los Angeles, California.

## FACTUAL ALLEGATIONS

**A. Defendant's Bankruptcy Case**

9. On July 29, 2014, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number 2:14-bk-24463-RK, in the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Case").

10. In the Schedule B filed concurrently with the petition, Defendant disclosed an interest in various accounts, including:

   a. Joseph Ellison ITF Ellen Ellison, City National Bank, Account ending 1756 ("Defendant's CNB Account");

   b. Law Offices of Ellen Ellison (General Account), City National Bank, Account ending 5499 ("Wife's CNB Account"); and

   c. Joseph Ellison + Ellen Ellison Joint WROS, Mutual Securities, Inc., Account ending 9350 ("Joint Account").

11. In the Schedule F filed concurrently with the petition, Defendant disclosed unsecured creditors holdings debts totaling $926,506.00, including:

    a. JPMorgan, FINRA Award After Arbitration, $789,000 (not disputed); and

    b. Shustak & Partners, Attorney Fee Dispute, $45,000 (disputed).

12. On September 9, 2014, the trustee held the initial meeting of creditors required by 11 U.S.C. § 341(a) ("§ 341(a) Meeting"), which meeting was continued several times to October 20, 2014, November 7, 2014, and December 18, 2014.

13. On December 4, 2014 and December 23, 2014, JPMorgan conducted a 2004 examination of Defendant, during which Defendant testified regarding various financial transactions reflected in documents Defendant produced in advance of the examination.

14. Based upon Defendant's testimony and documents produced at the 2004 examination, and Defendant's bankruptcy filings, JPMorgan now brings the instant complaint to object to entry of discharge in Defendant's case pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

**B. The FINRA Action and Defendant's Debt to JPMorgan**

15. Defendant was employed by JPMorgan as a financial advisor until approximately April 2012.

16. Defendant developed an animus towards JPMorgan as a result of his employment.

17. In or about June 2012, Defendant initiated an arbitration action against JPMorgan before a Financial Regulatory Authority panel, FINRA case number 12-02244 ("FINRA Action"), by asserting various claims related to his employment.

18. JPMorgan filed a counterclaim in the FINRA Action for breach of contract related to a loan in the approximate amount of $750,000 that Defendant obtained from JPMorgan as part of his employment, but failed to repay.

19. During the FINRA Action, Defendant was represented by counsel. His original counsel, Shustak & Partners, was replaced during the proceeding as the result of a fee dispute. His second counsel, Jeffrey Sigler, represented Defendant on a contingency basis.

20. The FINRA panel conducted an evidentiary hearing from April 28, 2014 to May 6,

2014.

21. On or about June 3, 2014, the FINRA panel found against Defendant on his claims and in favor of JPMorgan on its counterclaim, entering an award in favor of JPMorgan in the amount of $789,624.06 ("FINRA Award").

22. On July 17, 2014, JPMorgan initiated a proceeding with the United States District Court for the Central District of California, case number CV14-05567, for judicial confirmation of the FINRA Award ("FINRA Award Confirmation Action").

23. The FINRA Award Confirmation Action was stayed as a result of Defendant filing the Bankruptcy Case; however, Defendant does not dispute the debt owed to JPMorgan in his bankruptcy schedules.

**C. Defendant Encumbers His Property While The FINRA Action is Pending**

24. Defendant and his wife, Ellen Ellison, are the owners of the residential real property located at 555 S. Norton Avenue, Los Angeles, California 90020 ("Property").

25. Defendant reported in the Schedule A filed concurrently with the petition, a fair market value for the Property of $1,550,000.

26. While the FINRA Action was pending, on or about February 14, 2014, Defendant and his wife obtained a loan, in the principal amount of $1,496,500 from Greenbox Loans, Inc. ("First DOT"). Dovenmuehle Mortgage, Inc. is the current servicer of the Second DOT.

27. The funds from the First DOT were disbursed as follows: (1) payoff of a deed of trust in favor of Ocwen Loan Servicing in the approximate amount of $605,728.11; (2) payoff of deed of trust in favor of Morgan Stanley Home Loans in the approximate amount of $742,802.77; and (3) disbursement in the approximate amount of $69,441.17 to Defendant's CNB Account.

28. Additionally, while the FINRA Action was pending, on or about February 28, 2014, Defendant and his wife obtained a loan, in the principal amount of $200,000 from Brian Dror and Rafael Ryzman ("Second DOT"). Logan Investments is the current servicer of the Second DOT.

29. The funds from the Second DOT, in the approximate amount of $178,509.68, were disbursed to Defendant's CNB Account.

30. Upon information and belief, as a result of Defendant encumbering the Property with

the First DOT and Second DOT, there is no equity remaining in the Property for distribution to Defendant's unsecured creditors, including JPMorgan.

### D. Defendant Transfers Funds From His City National Bank Account

31.  While the FINRA Action was pending and shortly after the evidentiary hearing in the matter concluded, on or about May 12, 2014, Defendant transferred $18,000 from Defendant's CNB Account to Wife's CNB Account.

32.  Then, approximately one week after the entry of the FINRA Award, on or about June 10 and June 11, 2014, Defendant transferred, through two transactions, a total of $51,000 from Defendant's CNB Account to Wife's CNB Account.

33.  Less than two weeks after the entry of the FINRA Award, on or about June 16, 2014, Defendant transferred $121,000 from Defendant's CNB Account to the corporate account of Clownputsch, Inc., a corporation wholly owned by Defendant, at City National Bank account ending 7881.

34.  Defendant testified during the 2004 examination that he transferred the funds, in part, because he was afraid people were going to take all his money away and leave his family destitute.

35.  Defendant retained bankruptcy counsel on or about June 15, 2014.

36.  On or about June 21, 2014, Defendant transferred $119,000 from the corporate account of Clownputsch, Inc. at City National Bank account ending 7881, to Defendant's CNB Account.

37.  On or about July 9, 2014, Defendant transferred $41,415.30 from Defendant's CNB Account to Dovenmuehle Mortgage, thereby prepaying the First DOT for six months.

38.  On or about July 9, 2014, Defendant also transferred $11,062 from Defendant's CNB Account to Logan Investments, thereby prepaying the Second DOT for six months.

39.  Defendant testified during his 2004 examination that he prepaid the First DOT and Second DOT because he had received a collection letter related to the FINRA Award and had fee dispute pending with Shustak & Partners, and wanted to ensure that his family could remain in the Property and that the funds used for the prepayment would not go to pay any judgment obtained by Shustak & Partners.

40. As a result of the transfers to Dovenmuehle Mortgage and Logan Investments, funds totaling $52,477.30 are not available for distribution to Defendant's unsecured creditors, including JPMorgan and Shustak & Partners.

41. Upon information and belief, on the eve of filing his bankruptcy petition, Defendant transferred, through four transactions, a total of $31,600 from the non-exempt Joint Account.

42. The four transactions posted to the Joint Account after the Petition Date.

43. As a result of the four transfers, the balance of the Joint Account decreased to $1,895.02 and the funds totaling $31,600 are not available for distribution to Defendant's unsecured creditors, including JPMorgan.

**FIRST CAUSE OF ACTION**
(For a Determination That Defendant's Debts Are
Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(A))

44. JPMorgan incorporates by reference the allegations contained in paragraphs 1 through 43 above, as though set forth fully herein.

45. Within one year before the Petition Date, Defendant transferred or removed, or permitted to be transferred or removed, his property, including (1) equity in the Property, and (2) funds from accounts, including Defendant's CNB Account and the Joint Account.

46. As of the dates of the transfers or removals of Defendant's property, Defendant had one or more unsecured creditors.

47. The transfer or removal of Defendant's property removed prevented the distribution of Defendant's property to Defendant's unsecured creditors.

48. Upon information and belief, Defendant, with intent to hinder, delay, or defraud at least one of his creditors, transferred or removed, or permitted to be transferred or removed, Defendant's property.

49. By transferring or removing, or permitting the transfer or removal of, Defendant's property with the intent to hinder, delay, or defraud at least one of his creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(A).

**SECOND CAUSE OF ACTION**
(For a Determination That Defendant's Debts Are
Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(B))

50.    JPMorgan incorporates by reference the allegations contained in paragraphs 1 through 43 above, as though set forth fully herein.

51.    Defendant transferred or removed, or permitted the transfer or removal of funds totaling $31,600 from the non-exempt Joint Account, through four transactions that posted to the Joint Account after the Petition Date.

52.    The $31,600 was property of the bankruptcy estate.

53.    As of the dates of the transfers of the property of the bankruptcy estate, Defendant had one or more unsecured creditors.

54.    The transfer or removal of the property of the estate prevented the distribution of said property to Defendant's unsecured creditors.

55.    Upon information and belief, Defendant, with intent to hinder, delay, or defraud at least one of his creditors, transferred or removed, or permitted to be transferred or removed, property of the estate.

56.    By transferring or removing, or permitting the transfer or removal of, property of the estate with the intent to hinder, delay, or defraud at least one of his creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, JPMorgan prays for the entry of judgment against Defendant as follows:

1.  That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, his property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. § 727(a)(2)(A); and/or

2.  That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant transferred or removed the funds, or permitted the transfer or removal, of property of the estate with the intent to hinder, delay, or defraud a creditor in violation of the provisions of 11 U.S.C. § 727(a)(2)(B);

3. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

4. For costs of suit herein incurred; and

5. For such other and further relief as this Court deems just and proper.

Dated: January 2, 2015

WARGO & FRENCH LLP

By: */s/ Christina L. Goebelsmann*
Christina L. Goebelsmann
Attorney for Creditor JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC