FILED & ENTERED

AUG 03 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>**JOSEPH ELLISON,**<br>　　　　　Debtor. | Case No. 2:14-bk-24463 RK<br>Chapter 7<br>Adv. No. 2:15-ap-01001 RK |
| **JPMORGAN CHASE BANK, N.A. and J.P. MORGAN SECURITIES, LLC,**<br>　　　　　Plaintiffs,<br>　　　vs.<br>**JOSEPH ELLISON,**<br>　　　　　Defendant. | ORDER ON PLAINTIFFS JPMORGAN CHASE, N.A. and J.P. MORGAN SECURITIES, LLC'S MOTION FOR SUMMARY JUDGMENT, DENYING SUMMARY JUDGMENT, GRANTING RELIEF IN PART BY TREATING CERTAIN FACTS AS ESTABLISHED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(g) AND VACATING HEARING<br><br>Hearing<br>Date:　　August 4, 2015<br>Time:　　3:00 p.m.<br>Place:　　Courtroom 1675<br>　　　　　255 East Temple Street<br>　　　　　Los Angeles, CA 90012 |

　　　Pending before the court is Plaintiffs J.P. Morgan Chase, N.A. and J.P. Morgan Securities, LLC ("Plaintiffs") Motion for Summary Judgment Pursuant to F.R.B.P. 7056 ("Motion"). ECF 11. The Motion seeks summary judgment as to Plaintiffs' two causes of action under 11 U.S.C. § 727(a)(2)(A) and (B).

Having considered the papers in support and in opposition of the Motion, for the reasons stated herein, the court determines that oral argument on the Motion is unnecessary, dispenses with oral argument, takes the Motion under submission, vacates the hearing on the Motion on August 4, 2015 at 3:00 p.m., denies the Motion as to the request for summary judgment, but grants relief in part by treating certain facts as established in this adversary proceeding as not genuinely in dispute pursuant to Federal Rule of Civil Procedure 56(g).

The court will exercise its discretion pursuant to Federal Rule of Civil Procedure 56(g), made applicable here by Federal Rule of Bankruptcy Procedure 7056, and will treat as established Plaintiffs' Statement of Uncontroverted Facts 1-12, 14-24, 30, 31, 33, 34, 36, 37, 38, 40, 41, 42 and 43 because those facts are admitted by Defendant and thus not genuinely in dispute pursuant to Federal Rule of Civil Procedure 56(g).

The court will also exercise its discretion pursuant to Federal Rule of Civil Procedure 56(g) and will treat Facts 25, 27, 28, 29, 32 and 39 as established as not genuinely in dispute in this adversary proceeding because the movements of money between bank accounts which are not disputed by Defendant as having occurred do constitute transfers within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(54), as held by applicable Ninth Circuit precedent. *In re Bernard*, 96 F.3d 1279, 1281-1283 (9th Cir. 1996) (bank deposits and withdrawals satisfy the broad definition of "transfer" in the Bankruptcy Code, 11 U.S.C. § 101(54)("'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption . . . ."), *citing inter alia,* S. Rep. No. 989. 95th Cong., 2d Sess 27 (1978), reprinted in 1978 U.S. Code Cong. & Adm. News. 5787, 5813 ("A deposit in a bank account or similar account is a transfer." (emphasis omitted)). This ruling leaves asserted "Uncontroverted" Facts 13, 26 and 35 as still "controverted" and disputed to be resolved at trial.

The court will thus deny summary judgment as to both causes of action because the court determines that there are still genuine issues of material fact for trial as to whether Defendant intended to hinder, delay, or defraud a creditor with the various transfers at issue in this case as asserted in Facts 13, 26 and 35, which determination precludes the granting of summary judgment pursuant to Federal Rule of Civil Procedure 56(a) and Federal Rule of Bankruptcy Procedure 7056.

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Facts 1-12, 14-25, 27-34 and 36-43 of Plaintiffs' Statement of Uncontroverted Facts are hereby treated as established because such facts are not genuinely in dispute in this adversary proceeding pursuant to Federal Rule of Civil Procedure 56(g) and Federal Rule of Bankruptcy Procedure 7056.

2. The Motion is hereby denied as to Plaintiffs' request for entry of summary judgment.

3. The hearing on the Motion scheduled for August 4, 2015 at 3:00 p.m. is vacated and taken off calendar. No appearances are required on the Motion on August 4, 2015.

IT IS SO ORDERED.

###

Date: August 3, 2015

_____
Robert Kwan
United States Bankruptcy Judge