**NOT FOR PUBLICATION**

FILED

MAR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOSEPH ELLISON, | No.   17-60071 |
| Debtor, | BAP No. 16-1328 |
| JOSEPH ELLISON, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| JP MORGAN CHASE BANK NA and J.P. MORGAN SECURITIES, LLC, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before:  SCHROEDER and OWENS, Circuit Judges, and CHRISTENSEN,[**]
Chief District Judge.

_____

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

Joseph Ellison, a Chapter 7 debtor, appeals from the Bankruptcy Appellate

Panel's ("BAP") decision affirming the bankruptcy court's judgment denying him

a discharge under 11 U.S.C. § 727(a)(2)(A).  As the parties are familiar with the

facts, we do not recount them here.  We have jurisdiction under 28 U.S.C.

§§ 158(d) and 1291, and we affirm.

A debtor is denied a discharge under § 727(a)(2)(A) if two requirements are

met: "1) a disposition of property, such as transfer or concealment, and 2) a

subjective intent on the debtor's part to hinder, delay or defraud a creditor through

the act disposing of the property."  *Hughes v. Lawson (In re Lawson)*, 122 F.3d

1237, 1240 (9th Cir. 1997).  Ellison does not dispute that he conducted multiple

property transfers within one year prior to filing for bankruptcy, but he argues that

he did not have the requisite intent to satisfy the second requirement.

However, the bankruptcy court did not clearly err in concluding that Ellison

acted with intent to hinder or delay a creditor.  *See id.* (stating that, on appeal from

the BAP, we review the underlying bankruptcy court's factual findings for clear

error); *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir. 1996)

(explaining that a finding of intent to "defraud" is not needed because "[i]ntent to

hinder or delay is sufficient").  The bankruptcy court here evaluated numerous

factors in the totality of the circumstances, and the record reflects sufficient

evidence of Ellison's intent.  *See Emmett Valley Assocs. v. Woodfield (In re*

2

*Woodfield)*, 978 F.2d 516, 518 (9th Cir. 1992) ("We may infer the intent from the circumstances surrounding the transaction.").

Specifically, the bankruptcy court properly considered Ellison's sizeable prepayments on his mortgages. While "[t]he mere fact that a bankrupt has made a preferential payment or transfer to one of his creditors is no ground for denying a discharge," *Hultman v. Tevis*, 82 F.2d 940, 941 (9th Cir. 1936), courts may consider preferential payments as part the broader "course of conduct" that may establish intent, *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir. 1986) (citation omitted). Similarly, the bankruptcy court did not err in considering Ellison's conversion of nonexempt assets into exempt assets. After all, the general rule that courts should have "tolerance of basic bankruptcy exemption planning" does not prevent courts from inferring discharge-disqualifying intent from such transfers and the surrounding circumstances. *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221, 242 (BAP 9th Cir. 2007). The bankruptcy court also correctly determined that Ellison's transfer of community property funds from his personal bank account to his wife's law office bank account was additional evidence of his intent to "hinder or delay" a creditor because of the practical difficulties in collecting these funds. *In re Bernard*, 96 F.3d at 1281.

In addition, the bankruptcy court properly analyzed Ellison's admissions in his Bankruptcy Rule 2004 examination and trial as part of the totality of the

3

circumstances.  *See In re Woodfield*, 978 F.2d at 518.  For instance, Ellison admitted that his transfer of funds from his personal bank account to a corporation owned entirely by him "was a panicky thing" he did because he "didn't know what was going to happen" and "was afraid people were going to come and take all [his] money away."  Ellison also testified that his prepayments on his mortgages were an attempt to prioritize keeping his home.  Ellison even stated that he was particularly concerned that his former attorney would be "coming in and attaching his assets" to collect unpaid fees.  The bankruptcy court's finding that Ellison intended to hinder or delay a creditor—based on these admissions and additional circumstantial evidence—was not "illogical, implausible, or without support in the record."  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010); *see id.* ("When factual findings are based on determinations regarding the credibility of witnesses, we give great deference to the bankruptcy court's findings . . . .").

Finally, the record does not support Ellison's assertion that he conducted his pre-bankruptcy transfers in good-faith reliance on the advice of his former counsel.

**AFFIRMED**.

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)   A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ► A material point of fact or law was overlooked in the decision;
  - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

   B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or

> ► The proceeding involves a question of exceptional importance; or

> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)    Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)    Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)    Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*

- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.

- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.

- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.

- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:

  ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);

  ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                              **Date**

*(use* "s/[typed name]" *to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10**                                              *Rev. 12/01/2018*